OPINION
{¶ 1} Defendant-appellant Ricky R. Graham appeals his conviction and sentence from the Holmes County Court of Common Pleas on one count of trafficking in marijuana, a felony of the fifth degree, in violation of R.C. 2925.03(A)(1). Plaintiff-appellee is the State of Ohio.
 {¶ 2} On May 10, 2003, at a residence in Millersburg, Holmes County, Ohio, appellant is alleged to have sold a small bag of marijuana to a confidential informant in exchange for fifty dollars cash. The informant was in the employ of the Millersburg Police Department and Medway Drug Enforcement Agency. On October 8, 2003, appellant was indicted by the Holmes County Grand Jury on one count of trafficking in marijuana in violation of R.C.2925.03 (A)(1).
 {¶ 3} On October 10, 2003, appellant appeared for arraignment before the Holmes County Court of Common Pleas and entered a plea of not guilty. A pre-trial conference was set for November 10, 2003.
 {¶ 4} At the pre-trial conference on November 10, 2003, a plea deadline was set at December 1, 2003 and a two-day jury trial was scheduled to commence on December 16, 2003.
 {¶ 5} At the pre-trial conference December 1, 2003 the plea deadline was extended until December 2, 2003.
 {¶ 6} On December 2, 2003 the appellant executed a written plea of guilty form to one count of trafficking in marijuana, a felony of the fifth degree in violation of R.C. 2925.03 (A)(1). The court conducted a Crim. R. 11 hearing. At this hearing, the appellant acknowledged that he signed the written plea of guilty form. He further acknowledged that he read it over and discussed it with his attorney prior to signing it. The appellant further indicated he was not under the influence of any drug or alcohol and that no one had threatened him or promised him anything or forced him to plead guilty.
 {¶ 7} The court further inquired whether the appellant was under any type of community control parole or probation at the time of the hearing. The appellant responded: "I am on probation in Jane Irving's court for the assault that was on when I was in your courtroom the last time." The court asked appellant: "Do you understand that a plea of guilty in this case may be used as a probation violation in that case or has that already been disposed of, counsel?" Appellant's attorney responded: "I believe. He was in jail for part of that violation, your Honor. Yeah. It's already been disposed of, your Honor".
 {¶ 8} The court further ask appellant if he was satisfied with his attorney and had an opportunity to have the attorney explain everything to him and answer all his questions. The appellant indicated he was satisfied with the advice of his attorney. The trial court further went over each of the appellant's constitutional rights and the appellant acknowledged that he was waiving those rights.
 {¶ 9} Finally, the court asked the prosecutor to give a brief statement of the facts. The prosecutor stated: "On May 10th, this year, at a residence in Millersburg, in Holmes County, Ohio, the defendant sold a small bag of marijuana to a confidential informant for fifty dollars. The informant was working for the Millersburg Police and the Midway Drug Enforcement Agency." The court then ask: "Mr. Graham, did you hear what the prosecutor just told me?" The appellant answer: "Yes, your Honor." The court then asked: "Is what he told me essentially true?" The appellant responded: "Yes". The following exchange then took place:
 {¶ 10} THE COURT: And you understand that's what you are pleading guilty to?
 {¶ 11} MR. GRAHAM: "Yes, your Honor.
 {¶ 12} THE COURT: "Do you understand that your plea of guilty is a complete admission of guilt and acceptance of full responsibility for crime?"
 {¶ 13} MR. GRAHAM: "Yes, your Honor.
 {¶ 14} At the conclusion of the plea hearing, the court released appellant on his own recognizance, and set a sentencing hearing for January 8, 2004.
 {¶ 15} On January 8, 2004, appellant appeared at his sentencing hearing. At that hearing, the appellant indicated that he wished to withdraw his former plea of guilty. The appellant stated: "Well, I was in jail for five months when this all came about. Very different case. And I was tired of doing time, and it was kind of like I was tired of it. I mean, it's kind of like something that was brought to my attention which I felt was the best bet at the time. And so I was kind of like pressured, not from my attorney, or the law, or you, it was just —" {¶ 16}
THE COURT: "Well, who pressured you?"
 {¶ 17} MR. GRAHAM: "Nobody." It was just —"
 {¶ 18} THE COURT: "So you want to withdraw your guilty plea?"
 {¶ 19} MR. GRAHAM: "Yes, your Honor."
 {¶ 20} THE COURT: "And the reason is?"
 {¶ 21} MR. GRAHAM: "I feel that I am not guilty." The appellant further went on to say: "At that time I felt I was guilty, but I was looking over the papers and I got to talking to another attorney."
 {¶ 22} MR. KELLOGG: "Who was that attorney?"
 {¶ 23} MR. GRAHAM: "A family attorney."
 {¶ 24} THE COURT: "Excuse me?"
 {¶ 25} MR. GRAHAM: "A family attorney, your Honor. Family attorney."
 {¶ 26} THE COURT: "Okay, that attorney told you you should not have pled guilty?"
 {¶ 27} MR. GRAHAM: "Yes, your Honor."
 {¶ 28} In overruling the appellant's motion to withdraw his guilty plea the trial court stated: "I have heard nothing that would render that plea anything other than knowingly, voluntarily, and intelligently made. It sounds to me like the defendant has just changed his mind." Thereafter the court sentenced the appellant to serve a ten month prison term with credit for 55 days previously served.
 {¶ 29} It is from the conviction and sentence that the appellant filed this appeal.
 {¶ 30} Appellant assigns two assignments of error to the trial court:
 {¶ 31} "The trial court abused its discretion when it failed to grant appellant's pre-sentence motion to withdraw his guilty plea.
 {¶ 32} "Appellant was denied due process of law when the trial court erred in denying appellants pre-sentence motion to withdraw his guilty plea without holding a full evidentiary hearing."
 {¶ 33} As appellant's two assignments of error involve the trial court's overruling his motion to withdraw his guilty plea, we consider the errors together.
 {¶ 34} Crim. R. 11 requires guilty pleas to be knowingly, intelligently and voluntarily made. Although literal compliance with Crim. R. 11 is preferred, substantial, not strict, compliance with Crim. R. 11 is required. State v. Stewart
(1977), 51 Ohio St.2d 86.
 {¶ 35} The question of an effective waiver of a Federal Constitutional right in a State criminal proceeding is governed by Federal standards. Boykin v. Alabama (1969), 395, U.S. 238. (Citing Douglas v. Alabama (1965) 380 U.S. 415). For a waiver to be valid under the Due Process clause of the United States Constitution, it must be: "[a]n intentional relinquishment or abandonment of a known right or privilege". Boykin, supra,395 U.S. at 243 n. 5 (Quoting Johnson v. Zerbst (1938),304 U.S. 458).
 {¶ 36} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." United v. Broce (1989), 488 U.S. 563, 570,109 S.Ct. 757, 762.
 {¶ 37} With respect to statements made during change of plea hearings, the United States Supreme Court has stated: "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda v.United States (1962), 368 U.S. 487, 497, 82 S.Ct. 510, 515. Although the plea or sentencing proceedings record is imposing, it is not insurmountable. Id.
 {¶ 38} Crim. R. 32.1: states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentences is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute.State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715
at paragraph one of the syllabus. Trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id.
 {¶ 39} In determining whether to grant a motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea, including whether the defendant was represented by competent counsel at a full hearing and voluntarily waived his right to trial. See State v. Hamblin
(March 26, 2001), Butler App. No. CA-2000-07-154; State v.Kimbrough (March 28, 1988), Stark App. No. CA-7363. In addition, the court should examine whether the withdrawal of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. Id. see also, State v. Fish (1995),104 Ohio App.3d 236, 240, 661 N.E.2d 788.
 {¶ 40} In the case at bar, the appellant was at all times represented by a competent court appointed attorney. The appellant advised the court at the time of his plea that he had discussed the case with his attorney and was satisfied with his representation. The trial court in the case at bar conducted a thorough Crim. R. 11 hearing in this matter fully detailing the appellant's constitutional rights. Further the record supports that the appellant at that hearing acknowledged his guilt of the underlying charge.
 {¶ 41} The appellant's contention that he was under pressure due to his incarceration for another charge is directly contradicted by the statements at the sentencing hearing that that charge had been disposed of prior to his changing his plea.
 {¶ 42} The appellant declined to identify the attorney he spoke to subsequent to entering his plea. The appellant provided no further explanation as to his decision to change his plea. Although indicating that he did not "feel" he was guilty, appellant did not set forth any meritorious defense he had to the underlying charge. The record before this court reveals that appellant failed to articulate a reasonable and legitimate basis for the withdrawal of his plea. There is no believable reason to disregard the apparent truth of appellant's Crim. R. 11 admissions to the court and this court concludes that the records examined completely and conclusively show the trial court complied with the mandates of Crim. R. 32.1. Therefore the court was not required to conduct a further evidentiary hearing concerning the voluntariness of appellant's plea or his reasons for withdrawing that plea.
 {¶ 43} Having reviewed the record in light of appellant's first and second assignments of error, we find nothing to indicate that the trial court failed to substantially comply with Crim. R. 11 or Crim. R. 32.1. Therefore, we conclude that the trial court did not abuse its discretion in overruling appellant's pre-sentence motion to withdraw his guilty plea.
 {¶ 44} Appellant's first and second assignments of error overruled.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas of Holmes County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur