OPINION
{¶ 1} Johnny Gonder appeals from the trial court's refusal to permit him to withdraw his guilty pleas made in the Greene County Common Pleas Court.
 {¶ 2} Gonder was indicted on November 13, 2002, by the Greene County Grand Jury for one count of burglary (second degree felony) and one count of gross sexual imposition (a fourth degree felony). Gonder's parents apparently retained Patrick Mulligan to represent their son and he indicated to the court at pre-trial that criminal discovery had been completed as of January 10, 2003. Trial was originally set for March 5, 2003 but it was continued once at the prosecutor's request and once at the defense request.
 {¶ 3} On June 16, 2003, pursuant to plea negotiations, the State filed a bill of information charging Gonder with the lesser charge of burglary (third degree felony) and sexual imposition (third degree misdemeanor). On the next day Gonder signed a petition to enter pleas of guilty to the information. In the petition, Gonder stated he was 22 years of age and had completed 15 years of schooling. He indicated he was totally satisfied with Mr. Mulligan's legal representation, and he acknowledged he had a right to proceed to trial and to stand on his previous plea of not guilty. He acknowledged that the only underlying agreement between him and the State in exchange for his plea was that the State would dismiss the indicted counts and would remain silent as to sentencing. Gonder then entered his plea after the trial court complied with the colloquy mandated in Crim.R. 11. Sentencing was scheduled for July 24, 2003. On July 24, 2003, Mulligan moved to withdraw as Gonder's counsel citing irreconcilable differences.
 {¶ 4} On August 6, 2003, Jon H. Rion made his appearance as Gonder's counsel and moved to withdraw Gonder's guilty pleas. Rion stated Gonder's primary inducement and motivation for entering the guilty pleas was repeated advice from Mr. Mulligan that Gonder could not get favorable results in his case in Greene County because of the color of his skin. He also stated Gonder was pressured by Mulligan to enter his guilty pleas by representations that the trial court would not care that Gonder was a college student with no criminal history or that he was a military reservist.
 {¶ 5} Gonder attached the affidavit of his mother, Audrey Gonder, who stated Mulligan did not ask her son about whether he had any witnesses and was told by Mr. Mulligan that her son's "best hope would be to make a plea to avoid jail because of the racist nature of Greene County." Gonder also submitted a similar affidavit in support of his motion.
 {¶ 6} The trial court conducted a hearing upon Gonder's motion to withdraw his plea. Audrey Gonder testified that Patrick Mulligan told her son and her that an African-American male could not get a fair trial in Xenia and her son was definitely going to jail if he didn't "take a plea." (Tr. 6). Johnny Gonder testified and corroborated his mother's testimony. He testified Mulligan told him he would go to jail for five years if he went to trial. He testified he wanted a trial because he was innocent of the charges. (Tr. 13). On cross-examination, Gonder admitted that his alleged victim was African-American, as was the investigating officer. (Tr. 25).
 {¶ 7} Linette Ogle, a probation officer with the Greene County Probation Department, testified she interviewed Johnny Gonder on July 11 and August 21, 2003 as part of a pre-sentence investigation. Ogle said she asked Gonder why he pled guilty to the charges and she said Gonder said "he didn't want to take it to trial, and that was just a way to get through the case." (Tr. 40). She said "race" never came up in their discussion. (Tr. 41). Ogle said Gonder told her that he had been in the U.S. Army but had recently lost his R.O.T.C. scholarship. She said he lied to her about being stationed in Hawaii as a military policeman.
 {¶ 8} In overruling Gonder's motion the trial court reminded Gonder of the extensive Crim.R. 11 colloquy it had engaged in with Gonder at the time of his guilty pleas. The court further noted:
 {¶ 9} "Now, the problem that the Court has is that when I go through this lengthy colloquy, and I do this intentionally because I want to be sure any time anyone enters a plea of guilty — I don't care what color you are — enter a plea of guilty, I want to be sure you know what you're doing, I want to know. If you've got a problem with your lawyer, you're going to have to tell me. That is why you're placed under oath so you can tell me. And if you've got a problem with your lawyer, you better know about it then or, for example, now the position the Court is in is I know you say and your mother says what Mr. Mulligan said but I haven't heard anything from Mr. Mulligan. You know, I'm not disputing what you're saying, but at the same time, Mr. Mulligan is a practitioner who is in this Court quite frequently and assuming that he said something like your claiming he said, that somewhat shocks me. And I would be real interested to hear from Mr. Mulligan on the witness stand if he said something like that because it certainly isn't true, and I would like to make sure that he is aware of it if he said anything like that." (Tr. 53, 54).
 {¶ 10} In a single assignment, Gonder contends the trial court abused its discretion in denying his motion to vacate his guilty plea.
 {¶ 11} Gonder contends he was denied a full and fair hearing upon his motion because the State failed to subpoena Patrick Mulligan to the hearing to respond to Gonder's accusation. In response the State argues that Gonder was represented by highly competent counsel, he was provided a full hearing pursuant to Crim.R. 11 prior to his plea, he received a complete hearing on his withdrawal motion, and the record shows that the trial court gave full and fair consideration to his withdrawal request. The State also notes it had no duty to call Mulligan to testify, as the burden was upon Gonder to demonstrate that his guilty pleas should be permitted to be withdrawn. The State also argues that it was only after Gonder's problematic interview with the probation officer, Ms. Ogle, that Gonder raised any concern with his guilty pleas. Lastly, the State argues that Gonder demonstrated to the court that he was not a credible person and therefor the trial court need not have believed his statements concerning Mr. Mulligan. In State v. Xie (1992),62 Ohio St.3d 521, the Ohio Supreme Court held that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing and the decision to grant or deny a motion to withdraw a plea is within the sound discretion of the trial court. The Supreme Court noted that the trial court had carefully considered Xie's motion and all the circumstances surrounding the defendant's plea.
 {¶ 12} In this matter, the trial court never indicated it did not believe the testimony of the defendant and his mother about Mulligan's advice. Instead, the trial court referred to its Crim.R. 11 colloquy with the defendant, noting that Gonder had indicated he was satisfied with Mulligan's representation of him. Importantly, Gonder may have been satisfied with his lawyer and thus followed his advice that he should accept the State's plea offer because he could not get a fair trial in Greene County. Because a motion to withdraw a plea prior to sentence should be liberally granted, we believe the trial court, under the facts presented herein, abused its discretion in denying the defendant's motion. The assignment of error is sustained.
 {¶ 13} The judgment of the trial court is Reversed and Remanded for further proceedings.
Grady, J., and Young, J., concur.