OPINION *Page 2 
{¶ 1} Appellant Jennifer Znosko appeals the decision of the Court of Common Pleas, Stark County, which denied her pre-sentence request to withdraw a guilty plea. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 16, 2007, the Stark County Grand Jury indicted appellant on one count of possession of heroin, R.C.2925.11(A)(C)(6)(a), a felony of the fifth degree. On March 1, 2007, appellant entered a plea of guilty as charged in the indictment. Imposition of sentence was deferred pending a probation department investigation, which included a pre-sentence investigation hearing scheduled for April 2, 2007.
 {¶ 3} Appellant failed to appear for the pre-sentence investigation hearing, and a capias was issued for her arrest. Appellant was subsequently apprehended and brought before the trial court on April 23, 2007. At that time, appellant, via counsel, made an oral motion to withdraw her guilty plea, which the court denied. Appellant was thereupon sentenced to a prison term of eleven months.
 {¶ 4} On May 23, 2007, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA PRIOR TO SENTENCING.
 I. {¶ 6} In her sole Assignment of Error, appellant contends the trial court abused its discretion in denying her pre-sentence motion to withdraw her guilty plea. We disagree. *Page 3 
 {¶ 7} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} Unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. State v.Calloway, Hamilton App. No. C-040066, 2004-Ohio-5613, ¶ 11, citingState v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a guilty plea should be freely and liberally granted; however, the decision is left to the trial court's sound discretion. Id., citing Xie at 526.
 {¶ 9} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Xie, supra. The court should examine whether the withdrawal of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. State v.Graham, Holmes App. No. 04-CA-001, 2004-Ohio-2556, ¶ 39, citing State v.Kimbrough (March 28, 1988), Stark App. No. CA-7363, and State v.Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788.
 {¶ 10} Appellant's oral motion to withdraw her plea in the case sub judice was made as follows:
 {¶ 11} "MS. POWERS: Your Honor, we would then ask the Court to allow Miss Znosko to withdraw her plea. She indicates to me when she entered her plea she did so with the belief she would be receiving probation. Obviously, the Court is aware the *Page 4 
sentence is going to be just shy of the maximum. On that basis she would ask the Court to allow her to withdraw her plea." Tr., Sentencing Hearing, April 23, 2007, at 7.
 {¶ 12} At that point, the trial court stated that the motion would be denied, and that probation would not be granted, as appellant had failed to comply with one of the court's four presentence conditions. Id. The State presently concedes that the trial court did not conduct an "extensive" Crim.R. 32.1 hearing. Appellee's Brief at 6. However, the scope of the hearing to be held on a motion to withdraw a plea should reflect the substantive merit of the motion itself. State v. McNeil
(2001), 146 Ohio App.3d 173, 176. A review of the earlier plea hearing of February 26, 2007 reveals the trial court advised appellant that she had no guarantee of probation upon the completion of the ordered pre-sentence investigation. The court also notified her at that time that she would not receive probation if, inter alia, she failed to comply with the terms of her bond with the pretrial release program. At the conclusion of the plea hearing, the trial court specifically required appellant to participate in the "color code" day reporting program, in which she undisputedly failed to subsequently enroll.
 {¶ 13} Under the circumstances of this case, we hold the trial court sufficiently addressed appellant's oral motion to withdraw her plea and did not abuse its discretion in denying the motion. Appellant's sole Assignment of Error is overruled. *Page 5 
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 Wise, J. Gwin, P. J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1