[Cite as *State v. Benson*, 2012-Ohio-230.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellee

-vs-

SEAN BENSON

     Defendant-Appellant


JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.


Case No. 11 CA 10


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Municipal Court, Case No.  CRB 1100291 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | January 23, 2012 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | J. MATTHEW DAWSON<br>35 South Park Place, Suite 10<br>Newark, Ohio  43055 |

*Wise, J.*

{¶1} Appellant Sean Benson appeals the decision of the Municipal Court of Perry County, which denied his pre-sentence request to withdraw a no contest plea. The relevant facts leading to this appeal are as follows.

{¶2} On or about May 27, 2011, following an altercation with his mother-in-law, appellant was charged with assault, R.C. 2903.13(A), a misdemeanor of the first degree. On May 31, 2011, appellant appeared pro se for arraignment at the Perry County Municipal Court. After some colloquy with the trial court, appellant entered a plea of no contest to the assault charge. The court accepted appellant's plea and set the matter for a sentencing hearing.

{¶3} After leaving the courthouse, appellant met with counsel and ultimately decided to withdraw his plea prior to the time set for sentencing. On June 2, 2011, appellant, with the assistance of counsel, filed a motion to withdraw his no contest plea, including therein a request for a hearing. The trial court denied said motion on June 13, 2011.

{¶4} On June 16, 2011, appellant appeared for sentencing. The court ordered that appellant pay a fine of $200.00 plus costs and serve sixty days in jail, suspended on condition of a Mound Builders assessment, twenty hours of community service, and one year of probation. A sentencing entry was issued on July 19, 2011.

{¶5} Appellant timely filed a notice of appeal, and he herein raises the following sole Assignment of Error:

{¶6} "I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO WITHDRAW NO CONTEST PLEA PRIOR TO SENTENCING."

I.

**{¶7}** In his sole Assignment of Error, appellant contends the trial court erred in denying his pre-sentence motion to withdraw his no contest plea to misdemeanor assault. We agree, to the extent that a hearing is required.

**{¶8}** Unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Calloway,* Hamilton App.No. C-040066, 2004-Ohio-5613, ¶ 11, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A presentence motion to withdraw a plea should be freely and liberally granted; however, the decision is left to the trial court's sound discretion. *Id.,* citing *Xie* at 526. The holdings in *Xie* as to withdrawals of guilty pleas are applicable to situations involving pleas of no contest. See *State v. Spivey* (1998), 81 Ohio St.3d 405, 415.

**{¶9}** Furthermore, a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Xie,* supra. The court should examine whether the defendant was represented, whether the withdrawal will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. *State v. Graham,* Holmes App.No. 04-CA-001, 2004-Ohio-2556, ¶ 39, citing *State v. Kimbrough* (March 28, 1988), Stark App. No. CA-7363, and *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788.

**{¶10}** In the case sub judice, we note the State did not file an appellee's brief. Accordingly, we refer to App.R. 18(C), which states in pertinent part: "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as

extended, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶11} Appellant herein asserts that he may have been able to raise a defense of self-defense, and he further points out that the victim's comments at the sentencing hearing suggest she is recanting parts of what she told law enforcement officials originally. See Sentencing Tr. at 5-10. In light of *Xie*, supra, and App.R. 18(C), we hold reversal and remand for a hearing on the motion to withdraw no contest plea is warranted under the circumstances of this case.

{¶12} Appellant's sole Assignment of Error is sustained.

{¶13} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Perry County, Ohio, is hereby reversed and remanded.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 1230

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
SEAN BENSON                            :
                                       :
    Defendant-Appellant             :        Case No. 11 CA 10


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Perry County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


                            _____


                            _____


                            _____

                                        JUDGES