[Cite as *State v. Rivera*, 2014-Ohio-3378.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-05-072 |
| - vs - | : | O P I N I O N<br>8/4/2014 |
| | : | |
| FRANCISCO JUAIRO NAUPA RIVERA<br>a.k.a. Francisco J. Naupa, | : | |
| Defendant-Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR13-02-0194

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Fl., Hamilton, Ohio 45011, for plaintiff-appellee

Joni Turner-Statzer, 7936 Acorn Trail, Maineville, Ohio 45039, for defendant-appellant

**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Francisco Juairo Naupa Rivera, appeals from a decision in the Butler County Court of Common Pleas denying his presentence motion to withdraw his guilty plea to charges of burglary and sexual battery. For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} Rivera is not a United States citizen, but has obtained lawful permanent

residence status. His mother, father, and younger brother are all living in the United States. While Spanish is spoken at home, Rivera is 23 years old and has spent over half of his life in the United States. Additionally, Rivera graduated from high school in the United States and was a student at a local university.

{¶ 3} In 2012, Rivera was indicted on one count of burglary, two counts of criminal trespass, and one count of trespass in habitation. On February 8, 2013, Rivera appeared for a motion to suppress hearing where he was represented by Attorney Herbert J. Haas. When he arrived, Rivera was asked to go forward on a bill of information regarding sexual battery. After consulting with his family and Attorney Haas, Rivera withdrew his motion to suppress and entered a guilty plea to both burglary and sexual battery. The criminal trespass and trespass in habitation charges merged with the burglary charge.

{¶ 4} At the hearing, the following exchange took place:

THE COURT: We're going to do a variety of paperwork with you today, Mr. Rivera. If at any time you do not understand what I'm asking you please stop me and I'll allow you time to talk to your attorney. And then we will proceed after you've had a chance to consult with your attorney. How old are you?

THE DEFENDANT: Twenty-three. Twenty-three.

THE COURT: Twenty-three years old. And how far did you get in school?

THE DEFENDANT: College.

THE COURT: And you read, write and understand the English language?

THE DEFENDANT: Yes.

THE COURT: And is anyone forcing you?

THE DEFENDANT: No, sir.

THE COURT: Is anyone forcing you, threatening you or pressuring you to enter this plea?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made you any promises in exchange for this plea other than the fact that I assume that the sexual battery issue won't be presented to the Grand Jury with this plea, right?

MR. HAAS: That's correct.

THE COURT: Other than that has there been any other promises given to you?

THE DEFENDANT: No. Your Honor.

THE COURT: Okay. Are you a citizen of the United States?

THE DEFENDANT: No, Your Honor.

THE COURT: Okay. Just so you know, if you're not a citizen of the United States you're hereby advised a conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission into the United States, or denial of naturalization pursuant to the laws of the United States; do you understand that?

THE DEFENDANT: Yes, sir.

{¶ 5} Additionally, because Rivera was pleading guilty to a bill of information, the colloquy continued:

THE COURT: Okay. First we're going to go over some information on the bill of information. You understand, sir, that you have a right to wait 24 hours after being served with the bill of information? What that means is we can come back here on Monday and do the same thing since today's a Friday. But you have indicated that you're willing to waive your right to wait 24 hours and go ahead and proceed today on the bill of information. Is that what you wish to do?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. The next thing you're giving up is your right to be - - have this sexual battery case, or rape, whatever would have been presented at the Grand Jury. You have a right to have that presented to the Grand Jury for their determination. And you can either - - and by signing this waiver of indictment document you're indicating to the Court that you don't wish to have this matter presented to the Grand Jury. Because the Grand Jury could have indicted you for this sexual battery offense. They could have indicted you for a more serious

offense. They could have no billed or dismissed the case. But you've indicated to the Court that you wish to waive indictment. Is that what you wish to do?

THE DEFENDANT: Yes, Your Honor.

{¶ 6} After this exchange, the trial court discussed Rivera's request to have the information filed for sexual battery and recited facts for both the burglary and sexual battery offenses. Rivera indicated that the facts for these offenses were true and accurate. Rivera also stated that Attorney Haas went over all the documents with him and he was satisfied with his representation. The trial court reviewed the sentence possibilities and enumerated the rights Rivera would be giving up by pleading guilty. Rivera indicated that he did not have questions regarding any statements made by the trial court or trial counsel and then pled guilty to burglary and sexual battery.

{¶ 7} In March 2013, Rivera filed a presentence motion to withdraw his guilty plea. A three-day hearing was conducted where several witnesses testified on behalf of Rivera, including Rivera and Rivera's family members. An interpreter, Joanne Bernal, and Rivera's immigration attorney, Paul Shonk, also testified. Attorney Hass testified on behalf of the state.

{¶ 8} Following the hearing, the trial court denied Rivera's motion to withdraw his guilty plea. The trial court found that Rivera was represented by competent counsel, was afforded a complete Crim.R.11 plea hearing, was afforded a full and complete hearing on his motion to withdraw, and understood the nature of the charges and the possible consequences of pleading guilty, including deportation and prison time. The trial court further found that while specific reasons for the withdrawal were set forth in Rivera's motion, the reasons were not worthy to withdraw his guilty plea. On April 9, 2013, Rivera was sentenced to 12 months in prison for burglary and 54 months in prison for sexual battery to run consecutively.

{¶ 9} Rivera now appeals, asserting two assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT ERRED BY DENYING [RIVERA'S] PRE-SENTENCE [sic] MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED BY NOT FINDING THAT [RIVERA] RENDERED HIS PLEA WITHOUT HAVING EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 14} Under his first assignment of error, Rivera argues that the trial court erred by denying his presentence motion to withdraw his guilty plea. Rivera asserts that his motion should have been granted because (1) he was never informed that a consequence of pleading guilty to sexual battery was mandatory deportation, (2) the trial court failed to determine that he understood the nature of the charges against him as required by Crim.R. 11, and (3) he only pled guilty because Attorney Haas intimidated him by threatening he would not receive a fair trial. Under his second assignment of error, Rivera argues that Attorney Haas as counsel was ineffective because Attorney Haas failed to inform him that his plea would result in deportation. Also, Rivera asserts Attorney Haas refused to withdraw Rivera's guilty plea, and thus "deprived him of the advantage that immediate withdraw would have given him." Because they are related, we will address Rivera's assignments of error together.

{¶ 15} Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). Nevertheless, a defendant does not have "an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. Rather, the trial court must conduct a hearing to determine whether there is a "reasonable and legitimate basis for the withdrawal of the plea." *Id.*

**{¶ 16}** The decision to grant or deny a presentence motion to withdraw a guilty plea rests within the trial court's discretion. *Id.* at paragraph two of the syllabus. A reviewing court defers to the judgment of the trial court because "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Id.* at 525, quoting *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). An abuse of discretion implies that the trial court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Metcalf*, 12th Dist. Butler No. CA2002-12-299, 2003-Ohio-6782, ¶ 10.

**{¶ 17}** In determining whether to grant a presentence motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea. *Metcalf* at ¶ 11. The factors to be weighed include: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 7. No one factor is conclusive in the determination of whether a plea should be allowed to be withdrawn. *Id.*, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

Notification of Deportation

**{¶ 18}** Rivera argues that his plea should have been withdrawn and his counsel was ineffective based on Attorney Haas's failure to inform him that pleading guilty rendered him deportable. Specifically, Rivera asserts that Attorney Haas never directly answered questions as to whether he informed Rivera pleading guilty to sexual battery resulted in mandatory deportation at the hearing held on his motion to withdraw.

{¶ 19} When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Additionally, in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473 (2010), the United States Supreme Court held that *Strickland*, which outlines the standard for an ineffective assistance of counsel claim, applies in analyzing whether counsel was effective in notifying a criminal defendant of the deportation consequences of his plea.

{¶ 20} Under the first prong of *Strickland*, the *Padilla* court held that when the deportation consequences of pending criminal charges are "truly clear," a criminal defense attorney has an equally clear duty to give correct advice regarding those charges. *Padilla* at 357. Nevertheless, in recognizing that immigration law is often "complex" and creates "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain," the Supreme Court held that where the law is not "succinct and straightforward," a criminal defense attorney need only "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

{¶ 21} In the case at bar, Attorney Shonk testified that pleading guilty to a sexual battery offense renders a defendant who is not a United States citizen deportable. Assuming arguendo that Attorney Shonk is correct, and that the immigration code is clear that sexual battery renders a person who is not a United States citizen deportable, the trial court did not abuse its discretion in denying Rivera's presentence motion to withdraw his guilty plea. *See* 8 U.S.C.A. 1227(a)(2)(A)(i) and 1227(a)(2)(A)(iii).

{¶ 22} Attorney Haas testified that he explained to Rivera and his family the possible sentences for pleading or going to trial. Attorney Haas testified: "The most important thing

about Mr. Rivera's case are two things [sic]. One, he was facing felony charges. And if he was convicted of those felony charges, not possible deportation, guaranteed deportation." Attorney Haas further testified that: "The worst that could happen on any given day with this plea was an eight-year sentence and deportation. * * * Deportation was never off the table." Attorney Haas continued: "A nonresident, or somebody here who's illegally (sic.), gets in trouble. They get their punishment. They also get deported. It's a two-step process. It's unfortunate, but that's what the law requires, and he was made aware of that, clearly." Rivera and his family members testified that he was never made aware of the deportation consequences of his plea.

{¶ 23} The trial court believed the testimony of Attorney Hass, stating: "I found Mr. Haas to be a very credible witness under a lengthy, detailed, cross-examination by Ms. Turner. I found him - - his answers to be credible, logical." Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. Consequently, the trial court found Rivera was notified that a plea would result in deportation.

{¶ 24} Further, even if we were to assume that Rivera's trial counsel was deficient, Rivera is unable to establish that he would not have pled guilty to sexual battery absent his attorney's alleged deficiency as he was informed, at the very least, that pleading guilty to his burglary charge would result in deportation. Attorney Haas clearly notified Rivera that pleading guilty to at least one of the charges would result in his deportation. Additionally, Attorney Shonk testified that he had conversations with Rivera regarding the immigration consequences of pleading guilty to the burglary charge.[1] Finally, the trial court provided

---

1. An alien is deemed deportable under federal immigration law for committing certain criminal offenses that are considered aggravated felonies. 8 U.S.C.A. 1227(a)(2)(A)(iii). According to 8 U.S.C.A. 1101(a)(43)(G), an "aggravated felony" includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [of] at least one year." Consequently, by pleading guilty to the burglary offense, Rivera was deportable.

Rivera with the statutory warnings under R.C. 2943.031 that his conviction may result in deportation, exclude him from admission to the United States, or impact his ability to become a United States citizen. Nonetheless, Rivera pled guilty to both burglary and sexual battery. Rivera is therefore unable to establish the second prong of *Strickland*. *See State v. Aguirre*, 12th Dist. Butler No. CA2011-03-001, 2012-Ohio-144, ¶ 26. Additionally, we note that Rivera was not prejudiced by Attorney Haas failing to file a motion to withdraw his guilty plea. Rivera obtained other counsel who filed a motion approximately one month after his plea. Timeliness of the motion was not a basis for which the trial court denied Rivera's motion. Consequently, we find that the trial court did not abuse its discretion in denying Rivera's presentence motion to withdraw his guilty plea on the basis of ineffective assistance of counsel.

## Crim.R. 11

{¶ 25} Next, Rivera contends that his plea was not voluntary and the trial court failed to comply with Crim.R. 11(C)(2)(a). Specifically, Rivera asserts that the trial court failed to determine that he understood the nature of the charges at the plea hearing because the trial court did not prod further into his affirmative or negative responses of "yes, sir" or "no, sir" and he was not provided with an interpreter.

{¶ 26} The procedure for a court's acceptance of a guilty plea is clearly laid out within Crim.R. 11. *State v. Todd*, 12th Dist. Clermont No. CA2003-02-012, 2003-Ohio-6786, ¶ 6. The relevant portion of Crim.R. 11(C)(2)(a) requires that a court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *."

{¶ 27} A court, "need only substantially comply with the requirements of Crim.R. 11 that involve the waiver of nonconstitutional rights." *Todd* at ¶ 11, citing *State v. Ballard*, 66

Ohio St.2d 473, 476 (1981). Substantial compliance requires the court to determine under a totality of the circumstances that the defendant subjectively understood the implications of his plea and the rights he waived. *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "[T]here is no easy or exact way * * * to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information." *State v. Carter*, 60 Ohio St.2d 34, 38 (1979).

{¶ 28} The trial court is not required to explain the various elements of the offense; however it may be called upon to clarify any misunderstanding on the part of the defendant where the defendant indicates confusion with regards to the charges. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 57, 61. There is no requirement that a court enter into a discussion with a defendant or defendant's counsel to ensure there is an understanding where no uncertainty is otherwise indicated. *State v. Dotson*, 12th Dist. Preble No. CA2007-11-025, 2008-Ohio-4965, ¶ 10.

{¶ 29} In this instance, the following exchange took place at the plea hearing:

> THE COURT: First we're going to hear facts as to the sexual battery and then we'll hear a statement of facts as to the burglary. And then I'll ask you a question about them.
>
> [THE PROSECUTOR]: That being by information, Your Honor, under case number CR2013-02-0194 the facts at trial would show that on or about September 14th, 2012 in the early morning hours of that date at 15 East Collin Street, City of Oxford, Butler County, Ohio[,] the Defendant, Francisco Rivera did engage in sexual conduct with Sarah * * *, being not the spouse of the offender and when the offender knew that [Sarah's] ability to apprise the nature of, or control her own conduct is substantially impaired. Constitutes the offense of sexual battery[,] felony of the third degree in violation of revised code Section 2907.03(a)(2).
>
> * * *
>
> THE COURT: Okay. And Mr. Rivera, did you hear the statement of facts as it relates to the sexual battery charge?
>
> THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you agree that those are true and accurate?

THE DEFENDANT: Yes, Your Honor.

An almost identical exchange occurred after the facts of the burglary were read into the record.

{¶ 30} The trial court provided Rivera with information regarding facts surrounding the offenses and inquired as to the accuracy of the charges. Rivera argues under the circumstances of this case, the trial court's inquiry was insufficient because he was not provided an interpreter. In denying Rivera's motion, the trial court noted that Rivera had spent over half his life in the United States and was attending college. The trial court also observed that Rivera never appeared to be confused during the plea and never requested an interpreter. When asked whether he could read, write, and understand the English language, Rivera responded, "yes." Rivera's immigration counsel did not have an interpreter present when he met with Rivera. Additionally, as noted above, Rivera was informed of his right to wait 24 hours after being served with the bill of information before pleading to sexual battery. The trial court found that Rivera was afforded at least 45 minutes to consult with his attorney and his family. In light of the foregoing, we find that the trial court did not abuse its discretion in denying Rivera's presentence motion to withdraw his guilty plea on the basis that his plea was not voluntary.

### Intimidation by Attorney

{¶ 31} Furthermore, Rivera asserts that the trial court erred in not accepting his presentence motion to withdraw his guilty plea because he was intimidated by Attorney Haas. Rivera contends that Attorney Haas told him he would not prevail at trial because the county is racist and he would not receive a fair trial because the judge had connections to the university where the crimes occurred and was going to "throw the book at him."

{¶ 32} Rivera relies on *State v. Gonder*, 2d Dist. Greene No. 2003-CA72, 2004-Ohio-

4051. In *Gonder* the Second District held that the trial court abused its discretion in denying a defendant's motion to withdraw his guilty plea where the trial court never indicated that it did not believe the testimony of the defendant and his mother about his attorney's advice that he should plea because of the racist nature of the people in the county.

{¶ 33} In contrast, in this case, Attorney Haas did take the witness stand and was subjected to a lengthy cross-examination. Attorney Haas denied making statements to Rivera that the judge or the community was bias against him. Additionally, Attorney Haas testified that he did not know that the judge had any connections to the university where the crimes occurred until after the plea was entered. The trial court believed the testimony of Attorney Hass, stating: "I found Mr. Haas to be a very credible witness." Again, acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, at ¶ 12. Consequently, we find that the trial court did not abuse its discretion in denying Rivera's presentence motion to withdraw his guilty plea on the basis that he was intimidated by his attorney.

{¶ 34} In light of the foregoing, we find that the trial court did not abuse its discretion in denying Rivera's presentence motion to withdraw his guilty plea. Additionally, we find that trial counsel was not deficient. Even if Rivera's counsel was deficient, Rivera failed to show that he would not have pled guilty or was prejudiced by any alleged deficiency. Rivera's first and second assignments of error are overruled.

{¶ 35} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.