[Cite as *State v. Goins*, 2024-Ohio-4995.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. CT 2024 0028 |
| | : | |
| JOHN GOINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas CR2023-0742

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          October 15, 2024

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

Joseph A. Palmer                           April F. Campbell
27 North Fifth Street                      545 Metro Place South, Suite 100
Zanesville, Ohio 43701                     Dublin, Ohio 43017

*Delaney, P.J.*

{¶1} Defendant-Appellant John Goins has appealed from the March 4, 2024, Judgment Entry of the Muskingum County Court of Common Pleas in which he was convicted of one count of rape after he pleaded guilty. Plaintiff-Appellee is the State of Ohio. This Court affirms.

### FACTS AND PROCEDURAL HISTORY

{¶2} On July 13, 2023, Goins encountered a 26-year-old female stopped on the side of the road when the car she had been driving overheated. She noticed Goins, with whom she had "some familiarity," and he suggested she drive the vehicle to a nearby park so that he could remove the radiator cap and add some water. After driving to the park, he recommended that she let the car cool down. They went to a picnic table area near a shelter house. Goins then forced her to submit to sexual contact which included penetrating her vagina with his penis.

{¶3} The woman reported the incident and went to the hospital. She was examined and samples were collected that indicated Goins' DNA was found on her body. When he was interviewed by law enforcement, Goins denied having any relations with her.

{¶4} Goins was indicted with six felonies which included one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), 2907.05(C)(1), a felony in the fourth degree, three counts of rape in violation of R.C. 2907.02(A)(2), 2907.02(B), each a felony in the first degree, and two counts of kidnapping with a specification of committing the offense with a sexual motivation in violation of R.C. 2905.01(A)(4), 2905.01(C)(1), each a felony in the first degree. Goins initially pleaded not guilty.

{¶5} Goins subsequently entered into a signed plea agreement with the State. He agreed to plead guilty to one count of rape, and the State agreed to dismiss the remaining charges and specifications. There was no joint recommended sentence.

{¶6} At the change of plea hearing held on January 16, 2024, Goins appeared before the trial court with his attorney. The judge read the charge and explained the potential penalties. Goins said he understood both the charge and the penalties. The judge also explained that Goins would be found to be a Tier III sex offender. Goins again acknowledged that he understood. The judge conducted a thorough plea colloquy and accepted the guilty plea. He then ordered a presentence investigation.

{¶7} On February 6, 2024, Goins' attorney withdrew as counsel. In her motion to the court, she stated that she was starting new employment that would preclude her from handling criminal defense work. She asked that new counsel be appointed to represent Goins, which was ordered on February 8, 2024.

{¶8} On February 28, 2024, the court conducted a sentencing hearing. At this hearing, Goins was represented by a new attorney who informed the court that Goins wanted to withdraw his guilty plea. When the judge asked for asked for the basis to withdraw, Goins stated that he pleaded guilty because his previous attorney told him that he didn't have a "chance in Muskingum County" because of his race. He said that he "just went along with what she said." Further, he said he "figured she lied to me" and that he was not guilty.

{¶9} The State, using the post sentence motion to withdraw standard, argued that Goins could not demonstrate any "manifest injustice" that would make it appropriate

to withdraw the plea. He pointed to the benefit of the plea agreement that removed over 45 years of exposure from any possible sentence.

{¶10} Goins' counsel noted that he came into the case after the plea had been entered. As part of his representation, he reviewed the discovery and met with Goins. He also spoke to previous counsel, "who said that race was never discussed." He concluded that he would also have advised Goins that the agreement was in his best interest, based on the evidence.

{¶11} The judge denied the motion to withdraw the guilty plea. In his sentencing order, he stated that Goins made the court aware that he wanted to withdraw his plea. He then stated that the court "heard arguments of counsel, and upon inquiry of the Defendant hereby denies the same." He sentenced Goins to a mandatory prison term of 10 years up to an indefinite maximum of 15 years, with credit for time served.

## ASSIGNMENT OF ERROR

{¶12} THE TRIAL COURT ERRED IN NOT ALLOWING GOINS TO WITHDRAW HIS PLEA, AND ERRED IN NOT SETTING A HEARING TO ADDRESS GOINS' MOTION TO WITHDRAW HIS PLEA.

## ANALYSIS

{¶13} In his assignment of error, Goins has argued that the trial court erred by denying his presentence motion to withdraw his guilty plea and by not holding a hearing to address it. This Court disagrees.

{¶14} Pursuant to Crim.R. 32.1, a criminal may move to withdraw a guilty plea before sentence is imposed. Such a motion "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527. It has been recognized, however, "that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Id.* Rather, a trial court must conduct a hearing to determine whether there is a "reasonable and legitimate" basis for the guilty plea withdrawal. *Id.*

{¶15} It is ultimately within the trial court's discretion to grant or deny a pre-sentence guilty plea withdrawal motion. *Id.* at paragraph two of the syllabus. Absent such an abuse of discretion, a reviewing court must affirm the trial court's decision. *Id.* An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151 (1980).

{¶16} Although Goins raised one assignment of error, he argued that the trial court erred by not allowing him to withdraw his guilty plea and by not holding a hearing before determining the motion. We will address the issue of the hearing first.

{¶17} We begin by noting that the Ohio Supreme Court has stated that a trial court must conduct a hearing to determine whether there is a basis for the guilty plea withdrawal. *Xie* at 527. The Court did not specify anything further on the type or scope of hearing. Unlike the express "manifest injustice" standard governing a postsentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Znosko*, 2007-Ohio-5641 (5th Dist.), citing *State v. Calloway*, 2004-Ohio-5613, citing *Xie* at 526.

{¶18} The hearing must be sufficient to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Xie* at 527. The scope of the hearing

should reflect the substantive merit of the motion itself. *Znosko* at ¶12. As long as the defendant is provided an opportunity to explain to the trial court why he should be able to withdraw his plea and produce any needed evidence, he has been given a full and actual hearing on the merits. *State v. Elkins*, 2016-Ohio-8579 (some inquiry is required to comply with minimum due process standards).

{¶19} Ohio courts have previously held that a trial court hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing can constitute a full and fair hearing on that motion. *State v. Johnson*, 2016-Ohio-8494 (10th Dist.), *State v. Mooty*, 2001-Ohio-1464 (2d Dist.), *State v. Eversole,* 2006-Ohio-3988 (6th Dist.). Similarly, this Court has not required that a trial court hold a separate evidentiary hearing on a presentence motion to withdraw a plea. See *State v. Shelton,* 2012-Ohio-4482 (5th Dist.). When such a motion is made during the sentencing hearing, that hearing may be sufficient to provide due process. *Shelton* at ¶ 21, State *v. Graham*, 2004-Ohio-2556 (5th Dist.).

{¶20} In *Graham,* the defendant sought to withdraw his guilty plea on the day of sentencing. The trial court did not hold a separate evidentiary hearing but questioned him to determine the basis for the motion. The defendant stated that, between the plea hearing and sentencing, he felt pressured by the idea of incarceration. He further stated that he received advice from a family attorney that he should not have changed his plea and he "felt he was not guilty." *Id.* at ¶¶ 21-23. In denying the motion, the trial court determined that it heard nothing that would render that plea anything other than knowingly, voluntarily, and intelligently made, and that it sounded as if the defendant had just changed his mind. *Id.* at ¶ 28.

{¶21} In this case, the trial court was informed at the sentencing hearing that Goins wanted to withdraw his guilty plea because "it was not entered knowingly, intelligently, and voluntarily." When asked directly for the basis of his motion, Goins stated he pleaded because his previous attorney told him "to say guilty." He claimed she did so because he did not have a "chance in Muskingum County" because of his race. She told him "it was the best thing to do." He said he personally felt that he could not get a fair trial, but that his conclusion was "based on what she said." He told the judge "[y]ou said she was my attorney so she - - she knew what she was talking about. So she's the one who told me to answer, so that's where I went with it."

{¶22} When asked why he did not bring it up at the change of plea hearing, he said he didn't know. He said he "just went along with what she said." The court then asked "would she relay to the court that she told you that?" Goins replied "if she don't lie." The court stated that he was familiar with the attorney and vouched for her veracity and for being highly respected. When Goins asked why the judge would "believe she's not lying but I have a reason to lie," the judge pointed out that Goins was facing prison time for a "very serious, very serious felony offense."

{¶23} After this exchange, Goins' current counsel went back on the record. He stated he took over the case after the plea had been entered. He acknowledged receiving and reviewing the discovery so he could prepare for sentencing. In contrast to what Goins had claimed, he said he had discussed this allegation with the previous attorney "who said race was never discussed." Moreover, he said that he "would have advised the offer that was made was in his best interest based on the evidence."

{¶24} The record reflects that the trial court addressed the oral motion made by Goins at his sentencing hearing. The court inquired as to the basis of the request to withdraw the plea. The judge gave counsel for both sides and Goins the opportunity to speak. Neither Goins or his counsel asked for an evidentiary hearing or a continuance. Accordingly, there was a full and fair hearing on his motion.

{¶25} After concluding that a separate hearing was not necessary, we now look to whether the court abused its discretion in denying the motion to withdraw. Goins has argued that in reviewing the trial court's decision regarding a motion to withdraw a guilty plea, the trial court should have considered the list of non-exhaustive factors set forth in *State v. Fish*, 104 Ohio App.3d 236 (1st Dist. 1995). He further argued that the factors come out in favor of allowing the plea to be withdrawn.

{¶26} In *Fish,* the court addressed the problem inherent for a reviewing court when a presentence motion to withdraw should be "'liberally and freely'" granted, but there are no guidelines set in the rule. *Id.* at 239, see also *Xie* at 526 ("the rule itself gives no guidelines for a trial court to use"). To provide those guidelines, the court listed factors which should be weighed in considering a motion to set aside a plea. *Id.* at 240.

{¶27} This Court has cited *Fish* and looked to the trial court's review of those factors in other cases. *State v. Cook,* 2024-Ohio-4481, ¶ 33 (5th Dist.). The factors include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim. R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential

sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *Cook* at ¶ 33, citations omitted.

{¶28} Balancing factors similar to those set forth in Fish, while helpful, have never been adopted by the Ohio Supreme Court. *State v. Barnes*, 2022-Ohio-4486. In *Barnes*, the Court determined that balancing factors were not applicable to the facts before it. It held that "when a defendant discovers evidence that would have affected his decision to plead guilty, he has a reasonable and legitimate basis to withdraw his guilty plea before sentencing." Barnes at ¶ 24. The Court further determined that the defendant had not pleaded guilty because of evidence that he committed the crime, but because he was not aware of the evidence that corroborated his self-defense claim. *Id.* at ¶ 26. Upon subsequently learning that such evidence existed in a video, he should have been allowed to withdraw his guilty plea.

{¶29} Similarly, in this case, the judge did not need to perform a balancing test to determine whether to grant the motion. Given the judge's familiarity with the first attorney and the statements of current counsel, he did not find it credible that Goins' counsel made such a statement and that he was pressured into accepting the agreement. There was not a reasonable and legitimate basis to withdraw the plea.

{¶30} Goins has argued that this Court should follow the holding in *State v. Gonder,* 2004-Ohio-4051 (2d Dist.). In that case, the defendant and his mother provided affidavits that he was told he would never receive a fair trial and that if he did not accept the plea agreement he would go to jail. The trial court focused on the plea colloquy and defendant's lack of objection at that time to his counsel. *Id.* at ¶12. In reversing the court's

decision not to withdraw the plea, the appellate court noted that the trial court never indicated it did not believe their testimony. *Id.*

{¶31} The distinction was made clear in *State v. Rivera*, 2014-Ohio-3378 (12th Dist.). In that case, the defendant's attorney denied making statements that the community was biased against him. The trial court found the attorney to be a credible witness. On review, the appellate court held that the trial court was in the best position to resolve factual questions and evaluate witness credibility. *Rivera* at ¶, citing *State v. Cochran,* 2007–Ohio–3353, at ¶ 12 (12th Dist.). Consequently, it found that the trial court did not abuse its discretion in denying the defendant's presentence motion to withdraw his guilty plea on the basis that he was intimidated by his attorney. *Id.*

{¶32} In this case, the trial court considered the motion and the circumstances surrounding the plea. The judge's questions to the defendant and his statements indicate he did not find a credible basis to withdraw the plea. After reviewing the record, we do not find the court abused its discretion in so holding. The sole assignment of error is overruled.

**CONCLUSION**

{¶33} The trial court conducted a sufficient hearing within the sentencing hearing for Goins to establish the basis for his request to change his plea. We do not find that it abused its discretion in denying the presentence motion to withdraw the guilty plea. Goins' assignment of error is overruled. The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Baldwin, J. and

King, J., concur.