[Cite as *State v. Alford*, 2012-Ohio-3490.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                      :          C.A. CASE NO.    24368

v.                                               :          T.C. NO.    08CR1936

ANTONIO ALFORD                                   :          (Criminal appeal from
                                                            Common Pleas Court)

     Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___3rd___ day of ___August___, 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 E. Stroop Rd., Kettering, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}**   Antonio Alford appeals from his resentencing, which was conducted pursuant to our mandate that the trial court merge certain offenses as allied offenses of

similar import. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for the trial court to file a new judgment entry correcting the clerical errors its judgment.

{¶ 2}   In March 2009, Alford was convicted after a jury trial of two counts of felonious assault, three counts of murder, three counts of having weapons while under disability, and one count of tampering with evidence, all with firearm specifications. He was acquitted of discharging of a firearm on or near prohibited premises, along with the firearm specification on that particular count.

{¶ 3}   The trial court sentenced Alford to eight years for the count of felonious assault in violation of R.C. 2903.11(A)(2); fifteen years to life on each of the three counts of murder; five years on each of the three counts of having weapons while under disability; and five years for the one count of tampering with evidence. The trial court merged the one count of felonious assault under R.C. 2903.11(A)(1) with the three counts of murder, but did not merge the count of felonious assault under R.C. 2903.11(A)(2). The trial court also merged two of the three counts of having weapons while under a disability. Alford received an aggregate sentence of 36 years to life in prison.

{¶ 4}   On direct appeal, we affirmed Alford's convictions, but remanded to the trial court for resentencing on the two felonious assault counts. *State v. Alford*, 2d Dist. Montgomery No. 23332, 2010-Ohio-2493. We held that the two felonious assault counts should have been merged as allied offenses of similar import and that the surviving felonious assault offense should have been merged with the murder offense. *Id*. at ¶ 42.

{¶ 5}   Alford was resentenced on November 17, 2010. He acknowledges that, at

the resentencing hearing, the trial court properly merged the felonious assault and murder counts into a single murder conviction, merged two of the having weapons while under disability offenses, and imposed three years of discretionary post-release control on the surviving having weapons while under disability and tampering with evidence offenses. (Because murder is an unclassified offense, the trial court properly did not impose post-release control for that offense.)

{¶ 6}    The following week, the trial court issued a new judgment entry, which included the following language:

> The Court notifies the defendant that, as a part of this sentence, on
>
> **Count 1 FELONIOUS ASSAULT (serious harm) – 2903.11(A)(1) F2** the
>
> defendant will be supervised by the Parole Board for a period of **Three** years
>
> Post-Release Control after the defendant's release from imprisonment.

(Emphasis sic.)   The trial court included similar language for Count 2, the second felonious assault charge.

{¶ 7}    Alford appeals from his resentencing.   His original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein counsel represented that, after a thorough examination of the record, he was unable to discover any errors by the trial court that were prejudicial to Alford.   After an independent review of the record, we allowed Alford's original counsel to withdraw and appointed new counsel to address the effect, if any, of the inclusion in the judgment entry of post-release control for guilty verdicts that were merged with another offense.   Counsel was also permitted to raise any other appropriate issues.

{¶ 8}   Alford now raises one assignment of error, which states:

THE SENTENCE IMPOSED BY THE TRIAL COURT IS VOID AS A MATTER OF LAW DUE TO THE INCORRECT IMPOSITION OF POST-RELEASE CONTROL IN THE TERMINATION ENTRY.

{¶ 9}   In his sole assignment of error, Alford claims that the trial court erred in imposing post-release control on the two felonious assault counts, both of which were merged with the murder offense.  He argues that the imposition of post-release control constituted a partial sentence for those counts and that the improper imposition of post-release control rendered the judgment entry partially void.  Alford asks that we remand the matter to the trial court with instructions to correct the termination entry by deleting the two paragraphs imposing post-release control for counts 1 and 2, the felonious assault counts.

{¶ 10}   The State responds that Alford's assignment of error is moot, because the trial court issued a nunc pro tunc termination entry on March 21, 2012 (after Alford's new appellate counsel filed his brief).  The nunc pro tunc entry deleted the two paragraphs imposing post-release control on the felonious assault counts.  The record reflects that, on February 27, 2012, the State had filed a motion in the trial court requesting the nunc pro tunc judgment entry.

{¶ 11}   We disagree with the State's contention that the appeal is moot.  This Court has repeatedly held that, "[a]lthough a court generally may issue a nunc pro tunc entry any time,[1] * * * a notice of appeal divests a trial court of jurisdiction to do so."  (Footnote in

---

[1] *See, e.g.*, Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record

original.)  *State v. Smith*, 2d Dist. Greene No. 2010-CA-63, 2011-Ohio-5986, ¶ 7.  *Smith* cited *State v. Ward*, 187 Ohio App.3d 384, 391, 2010-Ohio-1794, 932 N.E.2d 374 (2d Dist.), in which we held that the trial court was "divested of jurisdiction" to issue a nunc pro tunc entry to correct a mistake in its judgment entry that was assigned as error on appeal.  As a result, any such nunc pro tunc entry is "a nullity."  *Ward* at ¶ 45.

**{¶ 12}**  As we noted in *Smith*, other appellate districts likewise have recognized that a trial court cannot file a nunc pro tunc entry while a case is pending on appeal.  *Smith* at ¶ 9, citing, *e.g.*, *State v. Biondo*, 11th Dist. Portage No. 2009-P-0009, 2009-Ohio-7005, ¶ 18; *State v. Erlandsen*, 3d Dist. Allen No. 1-02-46, 2002-Ohio-4884, n. 1; *State v. Rowland,* 3d Dist. Hancock No. 5-01-39, 2002-Ohio-1421; and *State v. Reid*, 6th Dist. Lucas No. L-97-1150, 1998 WL 636789 (Sept. 18, 1998).

**{¶ 13}**  The State did not seek an order from this Court remanding the matter to the trial court so that the trial court could issue a nunc pro tunc entry.  Accordingly, the trial court lacked jurisdiction to file a new judgment while this appeal was pending, and the trial court's nunc pro tunc entry had no legal effect.

**{¶ 14}**  In its brief, the State acknowledges that "the termination entry does not accurately reflect the sentence imposed at the sentencing hearing."  The State recognizes that the judgment entry imposed post-release control for the felonious assault counts, whereas the trial court properly did not impose post-release control for those counts at sentencing because those offenses were merged into the murder offense.

**{¶ 15}**  Because the trial court's nunc pro tunc entry has no legal effect, we conclude

arising from oversight or omission, may be corrected by the court at any time.").

that the trial court erred in imposing post-release control on counts 1 and 2, the felonious assault counts, in its November 2010 judgment entry.   The assignment of error is sustained.

{¶ 16}   The trial court's judgment regarding post-release control will be reversed, and the matter will be remanded to the trial court to file a new judgment entry, correcting its clerical error by removing the two paragraphs imposing post-release control on counts 1 and 2.   Nothing in this opinion prevents the trial court from filing an identical nunc pro tunc entry to that which was filed on March 21, 2012.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Michele D. Phipps
Charles M. Blue
Hon. Barbara P. Gorman