[Cite as *State v. Smith*, 2020-Ohio-3074.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-10-113 |
| | | CA2019-11-121 |
| - vs - | : | |
| | : | O P I N I O N |
| | | 5/26/2020 |
| | : | |
| JIMMY RAY SMITH, JR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 19CR35314

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Johnna M. Shia, P.O. Box 145, Springboro, Ohio 45066, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Jimmy Ray Smith, Jr., appeals his conviction in the Warren County Court of Common Pleas after he pled guilty to one count of rape, two counts of gross sexual imposition, two counts of illegal use of a minor in nudity oriented material or performance, one count of endangering children, and one count pandering sexual oriented material involving a minor. For the reasons outlined below, we affirm.

{¶ 2} On April 8, 2019, the Warren County Grand Jury returned an indictment charging Smith with the seven above-named offenses. Five of those charges arose after Smith raped an eight-year-old family member, caused her to masturbate him, and took lewd photographs of her naked body exposing her genitalia and breast area. Smith then shared those photographs with an undercover police officer over the Internet. The remaining two charges arose after Smith took lewd photographs of another four-year-old family member and forced her to touch and masturbate his penis. Although initially entering a not guilty plea, Smith ultimately pled guilty to each of the seven offenses as alleged in the indictment. Upon finding Smith's plea was knowingly, intelligently, and voluntarily entered, the trial court accepted Smith's guilty plea, ordered the completion of a presentence-investigative report ("PSI"), and scheduled the matter for sentencing.

{¶ 3} On October 10, 2019, the trial court held the previously scheduled sentencing hearing. During this hearing, and without any objection from Smith, the state set forth the underlying facts for each of the seven offenses to which Smith had pled guilty. Although in slightly less detail, these facts were the same facts as provided to the trial court in the PSI. Noting that it had considered the PSI, which included Smith's statements to police admitting to the charged conduct, the trial court merged the two offenses relating to the four-year-old victim as allied offenses of similar import. The trial court then sentenced Smith to a total aggregate term of 25 years to life in prison, classified Smith as a Tier III sex offender, and notified Smith that he would be subject to a mandatory five-year postrelease control term should he ever be released from prison. Smith now appeals his conviction, raising three assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT FAILED TO FOLLOW THE MANDATES OF CRIM.R. 11

RENDERING SMITH'S PLEA INVOLUNTARY.

{¶ 6} In his first assignment of error, Smith argues his guilty plea was involuntarily entered since the trial court failed to properly advise him of the nature of the charges and the maximum penalties involved for each offense prior to him entering his guilty plea as required by Crim.R. 11(C)(2)(a). We disagree.

{¶ 7} When a defendant enters a guilty plea in a felony criminal case, the plea must be knowingly, intelligently, and voluntarily made. *State v. Mosley*, 12th Dist. Warren No. CA2014-12-142, 2015-Ohio-3108, ¶ 6. "Failure on any of those points 'renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. McQueeney*, 148 Ohio App.3d 606, 2002-Ohio-3731, ¶ 18 (12th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). To ensure that a defendant's guilty plea is knowingly, intelligently and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *State v. Reynolds*, 12th Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 9. That is to say, Crim.R. 11(C) "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 8} To that end, pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} As recently explained by the Ohio Supreme Court, "[w]hen a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, ¶ 13. There are two limited exceptions, however, where no showing of prejudice is required in the criminal-plea context. *Id.* at ¶ 14.

{¶ 10} The first exception to the prejudice requirement occurs "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest[.]" *Id.* When this occurs, "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.*, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. The constitutional rights that the trial court must explain to a defendant are set forth in Crim.R. 11(C)(2)(c): the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Id.*, citing *Clark* at ¶ 19. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.*, citing *Clark* at ¶ 17.

{¶ 11} The second exception to the prejudice requirement occurs as a result of "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)[.]" *Id.* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 22. This, too, "eliminates the

defendant's burden to show prejudice." *Dangler*, 2020-Ohio-2765 at ¶ 15. For example, in *Sarkozy*, the Ohio Supreme Court "held that the trial court had completely failed to comply with Crim.R. 11(C)(2)(a)'s requirement that it explain the maximum penalty when the court made no mention of postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory five years of postrelease control." *Id.*

{¶ 12} "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16, citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* citing *Nero.*

{¶ 13} Noting that its caselaw has "muddled" the analysis that should apply when reviewing a defendant's plea of guilty or no contest "by suggesting different tiers of compliance with the rule," the Ohio Supreme Court has set forth what it believes "should be a fairly straightforward inquiry." *Id.* at ¶ 17. Therefore, rather than reviewing a defendant's plea of guilty or no contest to determine whether the trial court substantially complied, partially complied, or completely failed to comply with the requirements set forth in Crim.R. 11(C), "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

{¶ 14} Answering the first question in the affirmative, the record firmly establishes that the trial court complied with the relevant provision of the rule, Crim.R. 11(C)(2)(a), by properly advising Smith of the nature of the charges and the maximum penalties involved

for each offense prior to him entering his guilty plea. To begin Smith's plea hearing, the trial court advised Smith that "this is an important matter, sir." The trial court then asked Smith if he had enough time to speak with his attorney about the ramifications he faced by entering a guilty plea. Smith responded, "Yes, sir." The trial court then notified Smith that he was "facing a life sentence; do you understand that?" Smith again responded, "Yes, sir." The trial court then went through each of the seven offenses set forth in the indictment. This included the trial court accurately describing each of the seven offenses, as well as the maximum penalty for each of those seven offenses. The trial court then notified Smith that he would be classified as a Tier III sex offender if he pled guilty.

{¶ 15} At the trial court's request, the state then explained each of the registration requirements Smith faced as a Tier III sex offender. Upon being notified of these requirements, the trial court addressed Smith and stated:

> THE COURT: All right. Did you hear everything that was said on that, Mr. Smith?
>
> Mr. SMITH: Yes, sir.
>
> THE COURT: Okay. Do you understand it?
>
> MR. SMITH: Yes.
>
> THE COURT: All right. You heard what I said about the potential penalties. Do you understand those, sir?
>
> MR. SMITH: Yes, sir.

{¶ 16} The trial court then advised Smith of the constitutional rights that he would be waving upon entering a guilty plea. After verifying that Smith understood the constitutional rights he would be waiving by pleading guilty, the trial court engaged Smith in the following exchange:

> THE COURT: Do you feel that there's been any sense of pressure from anyone on you to waive your constitutional rights

and to plead guilty?

MR. SMITH: No, sir.

THE COURT: You're doing this of your own free will?

MR. SMITH: Yes, sir.

THE COURT: Have you had enough time to think about this, sir?

MR. SMITH: I've had many months to think about this, sir.

{¶ 17} Smith claims that his guilty plea was not voluntarily entered since neither the trial court nor the state provided "sufficient information" concerning the nature of the charges and the maximum penalty involved for each offense. Smith also claims that his plea was not voluntary because the state did not provide a recitation of the facts underlying each offense prior to him entering his plea. We disagree.

{¶ 18} Contrary to Smith's claims, there is no requirement that the trial court "enter into a discussion with a defendant or defendant's counsel to ensure there is an understanding where no uncertainty is otherwise indicated." *State v. Rivera*, 12th Dist. Butler No. CA2013-05-072, 2014-Ohio-3378, ¶ 28, citing *State v. Dotson*, 12th Dist. Preble No. CA2007-11-025, 2008-Ohio-4965, ¶ 10. Such is the case here.

{¶ 19} There is also no requirement that the trial court determine whether a factual basis exists to support a guilty plea prior to the accused entering his or her plea. *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 16. This is because, pursuant to Crim.R. 11(B)(1), a guilty plea is a complete admission of the defendant's guilt. *State v. McClellan*, 12th Dist. Preble No. CA2018-10-014, 2019-Ohio-5034, ¶ 9. Therefore, by entering a guilty plea, Smith admitted that he was guilty of the substantive crimes charged in the indictment, *State v. Fuller*, 12th Dist. Butler No. CA2008-09-240, 2009-Ohio-5068, ¶ 105, and "waived the right to require the state to prove his guilt beyond a reasonable

doubt." *Isbell.* Accordingly, because the trial court properly advised Smith of the nature of the charges and the maximum penalties involved prior to him entering his guilty plea as required by Crim.R. 11(C)(2)(a), Smith's first assignment of error lacks merit and is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} SMITH'S SENTENCE IS CONTRARY TO LAW BECAUSE THE COURT FAILED TO MERGE ALLIED OFFENSES.

{¶ 22} In his second assignment of error, Smith argues the trial court erred by considering "additional evidence" when making its allied offenses determination at sentencing. In support of this claim, Smith takes issue with the fact that "[i]t was not until the issue of merger was raised at the time of sentencing that the [state] recited the specific conduct that related to each alleged victim for each charged offense." This is because, according to Smith, it was improper for the trial court to rely on "facts [he] did not plead to when it decided not to merge certain offenses." We disagree.

{¶ 23} Despite Smith's claims, considering the underlying facts recited by the state were the same facts detailed in the PSI, we find it was proper for the state to set forth the salient facts necessary to assist the trial court in making its allied offenses determination. It was also proper for the trial court to then consider those facts as part of its allied offenses analysis. This is because it is well established that the trial court may consider the information contained in the PSI when deciding whether offenses are allied offenses of similar import. *State v. Knight*, 12th Dist. Butler No. CA2016-02-028, 2016-Ohio-7991, ¶ 13 (trial court can "look to the information contained in the record," including the PSI, when making its allied offenses determination), citing *State v. Cisco*, 5th Dist. Delaware No. 13 CAA 04 0026, 2013-Ohio-5412, ¶ 30 ("the trial court does not err in relying upon the [PSI]

in deciding whether to merge offenses"). That is exactly what the trial court did here. Therefore, because the trial court did not err by considering "additional evidence" when making its allied offenses determination at sentencing, Smith's second assignment of error lacks merit and is overruled.

{¶ 24} Assignment of Error No. 3:

{¶ 25} SMITH'S SENTENCE IS CONTRARY TO LAW BECAUSE THE FACTS TO WHICH SMITH PLEAD FAILS TO SUPPORT CONSECUTIVE SENTENCES.

{¶ 26} In his third assignment of error, Smith argues the trial court erred by considering "additional evidence" when deciding whether to impose consecutive sentences. Similar to his argument in his second assignment of error, Smith argues that it was improper for the trial court to rely on the state's "recitation of the specific conduct related to each alleged victim constituting the offenses at the time of sentencing." We disagree.

{¶ 27} Contrary to Smith's claims, not only is the state permitted under R.C. 2929.19(A) to "present information relevant to the imposition of sentence" at sentencing, as stated previously, the underlying facts recited by the state at sentencing were the same facts detailed in the PSI. R.C. 2929.19(B)(1) "explicitly enables" the trial court to consider the information contained in the PSI before imposing its sentence. *State v. Milner*, 6th Dist. Erie No. E-14-113, 2015-Ohio-2446, ¶ 31. The trial court is in fact *required* to consider that information before issuing its sentencing decision. *State v. Mavrakis*, 9th Dist. Summit No. 27457, 2015-Ohio-4902, ¶ 29 ("[t]he court is required to consider information presented by the prosecutor, the offender, and the presentence investigation report, which contains the defendant's criminal history"). That is, again, exactly what the trial court did here. Therefore, because the trial court did not err by considering "additional evidence" when deciding whether to impose consecutive sentences, Smith's third assignment of error lacks

merit and is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.