[Cite as *State v. Schrader*, 2020-Ohio-3925.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2019-12-025<br>CA2019-12-026 |
| Appellee, | : | |
| | : | O P I N I O N<br>8/3/2020 |
| - vs - | : | |
| | : | |
| MARTIN LEE SCHRADER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20130196

Jess C. Weade, Fayette County Prosecuting Attorney, Rachel S. Martin, 110 E. Court Street, 1st Floor, Washington Court House, Ohio 43160, for appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington Court House, Ohio 43160, for appellant
.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Martin Lee Schrader, appeals a decision of the Fayette County Court of Common Pleas sentencing him to consecutive prison terms.

{¶ 2}   In 2014, Schrader pled guilty to one count of non-support of dependents and was sentenced to community control in Case No. CR20130196 ("Case No. 196").  Schrader

later violated the terms of his community control and an arrest warrant was issued. In 2017, Schrader was indicted on one count of non-support of dependents in Case No. CR2017367 ("Case No. 367"). When service of the indictment and summons upon Schrader proved unsuccessful, an arrest warrant was issued. Schrader was not arrested on the warrants until 2019.

{¶ 3} On November 18, 2019, Schrader agreed to plead guilty as charged in Case No. 367 and admit the community control violation in Case No. 196, in exchange for the imposition of a six-month prison term in both cases to be served concurrently. The trial court accepted the parties' agreement and Schrader entered his guilty pleas with that understanding. The trial court accepted Schrader's pleas, sentenced him to six months in prison in both cases, and ordered that the prison terms be served concurrently. However, the sentencing entries indicated that the six-month prison terms were to be served consecutively.

{¶ 4} Schrader filed a notice of appeal in both cases in December 2019. On April 3, 2020, the trial court filed amended sentencing entries in both cases providing that the six-month prison terms imposed in the cases were to be served concurrently. The amended sentencing entries reflect the parties' agreement and the sentences imposed by the trial court in open court at the November 18, 2019 sentencing hearing.

{¶ 5} Schrader appeals, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT.

{¶ 8} Schrader argues that the trial court erred in imposing consecutive prison terms because at the sentencing hearing, the parties agreed to an aggregate six-month

prison sentence, the trial court imposed concurrent prison terms, and the trial court never informed Schrader that it was not required to follow the joint sentencing recommendation. The state concedes that the trial court erred in imposing consecutive sentences in the original sentencing entries but suggests the appeal is moot in light of the trial court's April 3, 2020 amended sentencing entries which correctly state that the six-month prison terms are to be served concurrently.

{¶ 9}  "An appeal is perfected upon the filing of a written notice of appeal.  R.C. 2505.04.  Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal."  *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 8.  "Although a court generally may issue a nunc pro tunc entry any time, * * * a notice of appeal divests a trial court of jurisdiction to do so."  *State v. Donley*, 2d Dist. Montgomery Nos. 26654 thru 26656, 2017-Ohio-562, ¶ 173; Crim.R. 36.  As the Second Appellate District reasoned, "the trial court is 'divested of jurisdiction' to issue a nunc pro tunc entry to correct a mistake in its judgment entry that was assigned as error on appeal.  As a result, any such nunc pro tunc entry is a 'nullity.'"  *State v. Alford*, 2d Dist. Montgomery No. 24368, 2012-Ohio-3490, ¶  11, citing *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, ¶ 45 (2d Dist.).

{¶ 10} Other appellate districts have likewise held that a trial court cannot file a nunc pro tunc entry while a case is pending on appeal.  *See State v. Erlandsen*, 3d Dist. Allen No. 1-02-46, 2002-Ohio-4884; *State v. Reid*, 6th Dist. Lucas No. L-97-1150, 1998 Ohio App. LEXIS 4352 (Sept. 18, 1998) (because the nunc pro tunc judgment entry was issued subsequent to the filing of the notice of appeal, the trial court was without jurisdiction to take any action which might affect issues on appeal); and *State v. Biondo*, 11th Dist. Portage No. 2009-P-0009, 2009-Ohio-7005.

{¶ 11} Based on the foregoing, while we commend the trial court for attempting to correct its error, we find that the trial court lacked jurisdiction to file its amended judgment entries while this appeal was pending, and the trial court's April 3, 2020 amended sentencing entries have no legal effect. *Donley*, 2017-Ohio-562 at ¶ 173. "However, nothing precludes the trial court from simply refiling" its amended judgment entries "upon remand." *Id.*

{¶ 12} Schrader's first assignment of error is sustained.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT FAILED TO ENSURE THAT THE DEFENDANT-SCHRADER KNOWINGLY ENTERED A GUILTY PLEA IN THIS MATTER.

{¶ 15} Schrader argues that his guilty plea was involuntarily entered because the trial court improperly sentenced him to consecutive prison terms when it advised him that it would impose concurrent prison terms at sentencing. Given our resolution of Schrader's first assignment of error, this assignment of error is moot.

{¶ 16} The trial court's April 3, 2020 amended judgment entries attempting to correct the original sentencing entries which mistakenly imposed consecutive prison terms in Case No. 196 and Case No. 367 are reversed, and the matter is remanded to the trial court to file a nunc pro tunc judgment entry in both cases, correcting its clerical error to reflect that the six-month prison terms are to be served concurrently in accordance with the sentences imposed by the trial court in open court at the November 18, 2019 sentencing hearing.

S. POWELL and PIPER, JJ., concur.

- 4 -