[Cite as *State v. Reising*, 2025-Ohio-2276.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-092 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 6/30/2025 |
| JAMIE NOEL REISING, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 24CR41915


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.


## O P I N I O N


**SIEBERT, J.**

{¶ 1}  Jamie Noel Reising appeals her convictions in the Warren County Court of

Common Pleas for aggravated trafficking in drugs and possession of drugs. On appeal,

Reising asserts two assignments of error stemming from the premise that her plea was not knowingly entered into because she stated after pleading guilty that she did not "actually" engage in trafficking. We overrule both assignments of error. Upon review, Reising's plea to the charge of aggravated trafficking was appropriate because Reising (and her counsel) affirmed her understanding of the charges brought against her and the voluntary nature of her plea. Reising's statements at sentencing are best viewed as her attempt to mitigate the seriousness of her actions in order to receive a sentence shorter than the one she agreed upon with the State. Further, the underlying facts and law support Reising's plea. We affirm Reising's convictions and sentence.

**Facts and Procedural History**

{¶ 2} When Reising was arrested by police in August of 2024, she possessed 63 grams of methamphetamine, several plastic baggies, a digital scale, and $2,293. She was arrested within 1000 feet of a school zone. Reising was subsequently indicted for (1) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d) (a first-degree felony), (2) aggravated possession of drugs in violation of R.C. 2925.11(A) and (C)(1)(c) (a second-degree felony), (3) possession of drugs in violation of R.C. 2925.11(A) and (C)(2)(a) (a fifth-degree felony) and (4) illegal possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) and (F)(1) (a fourth-degree misdemeanor).

{¶ 3} Reising and the State reached a plea agreement. In exchange for Reising's plea to aggravated trafficking in drugs and illegal possession of drugs, the State agreed it would amend the aggravated trafficking charge to a felony in the second degree and would dismiss the charges for aggravated possession of drugs and illegal possession of drug paraphernalia. Both Reising and her counsel signed a change of plea form which stated Reising was "proceeding voluntarily" and had "been fully advised of and underst[ood] the charge(s)." At the change of plea hearing, the court stated on the record

- 2 -

that Reising "plans to plead guilty to *aggravated trafficking* in methamphetamine greater than five times the bulk amount" as well to possession of drugs (Emphasis added). Reising affirmed on the record she understood this agreement, and the court accepted Reisling's plea of guilty, convicting her for the pled charges.

{¶ 4}   After accepting Reisling's plea, the trial court proceeded to sentencing. The parties jointly recommended an indefinite aggregate sentence of 4 years and 11 months to 6 years and 11 months. Reisling spoke on her own behalf and attempted to explain the circumstances that led to her relapse, including the loss of a job. The following exchange occurred:

> Reisling: And I just relapsed. I mean that's all I did. I relapsed. And I allowed the wrong people around me. I allowed the wrong people to hang out at my house. I wasn't trafficking though. I was not back into doing that.

> Court: Well, we're talking about the weight of this drug is considered trafficking.

> Reising: Yes. But as far as like actually trafficking, I was not. Which I understand I just pled guilty to it. But I didn't want to take this to trial. And I know like I have an extensive history, but I also have really bad trauma about issues in my life, you know, I never got to deal with.

The trial court imposed the parties' joint recommendation, and Reising forfeited the $2,293 seized at the time of her arrest.

{¶ 5}   Reisling now appeals.

{¶ 6}   FIRST ASSIGNMENT OF ERROR. THE PLEA WAS MADE UNKNOWINGLY AND INVOLUNTARILY AS THE DEFENDANT DENIED DOING WHAT SHE PLED TO.

## A.  Applicable Law

### 1.  Aggravated Trafficking

{¶ 7}   Trafficking of drugs can occur two ways. One is to knowingly "sell or offer

to sell a controlled substance. . ." R.C. 2925.03(A)(1). Another is to knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance . . . when the offender knows or has reasonable cause to believe that the controlled substance . . . is intended for sale or resale by the offender or another person." R.C. 2925.03(A)(2). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

**{¶ 8}** Trafficking in a Schedule II drug, including methamphetamine, is considered aggravating trafficking. R.C. 2925.03(C)(1), Adm.Code 4729:9-1-02(C)(2). The amount of the drug and the location involved in aggravated trafficking determines the level of felony that applies. "If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree." R.C. § 2925.03(C)(1)(d). However, in instances where "the offense was committed in the vicinity of a school [or] . . . juvenile . . . aggravated trafficking in drugs is a felony of the first degree . . ." *Id.* The bulk amount for methamphetamine is three grams. R.C. 2925.01(D)(1)(g).

### 2. Pleas

**{¶ 9}** A guilty plea is a "complete admission of the defendant's guilt." Crim.R. 11(B)(1). "When a defendant enters a guilty plea in a felony criminal case, the plea must be knowingly, intelligently, and voluntarily made." *State v. Smith*, 2020-Ohio-3074, ¶ 7 (12th Dist.). This court previously held that when a criminal defendant pleads guilty to an offense, the plea itself "'provides the necessary proof of the elements of the crime and sufficient evidence to support the conviction.'" *State v. Arledge*, 2019-Ohio-3147, ¶ 15-16 (12th Dist.), quoting *State v. Isbell*, 2004-Ohio-2300, ¶ 16 (12th Dist.). As a result, the trial

- 4 -

court is not required to engage in a detailed recitation or explanation of the elements of the offense to demonstrate the defendant's understanding of the charge, especially where the record "contains a representation by defense counsel that the nature of the offense has been explained to the accused." *State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 57.

### B. Standard of Review

{¶ 10} "If a criminal defendant claims that his [or her] guilty plea was not knowingly, voluntarily, and intelligently made, the reviewing court must review the totality of the circumstances in order to determine whether or not the defendant's claim has merit." *State v. Messer*, 2009-Ohio-929, ¶ 39 (12th Dist.), citing *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). In certain limited circumstances, a "plea may be involuntary either because the accused does not understand the nature of the constitutional protections he [or she] is waiving . . . or because he [or she] has such an incomplete understanding of the charge that [the] plea cannot stand as an intelligent admission of guilt." (Citation omitted.) *Henderson v. Morgan*, 426 U.S. 637, 645-46, fn. 13 (1976) (holding defendant's plea of guilty was not voluntary because it was not explained to him that "intent to cause death was an essential element of second-degree murder . . ."). But a defendant's *denial* she acted with a required element in a criminal offense does not necessarily imply a failure to *understand* those elements. *Fitzpatrick* at ¶ 62.

### C. Analysis

{¶ 11} On appeal, Reising asserts "[e]ven a cursory review of the record shows that Ms. Reising said she did not do what she pled to in Count 1" and therefore her plea was involuntary.[1] After reviewing the totality of the circumstances, it is clear Reising's assigned error has no merit.

---

1. We note Reising does not assert that the court failed to address her or that the court failed to make any of the required determinations and advisements pursuant to Crim.R. 11(C).

{¶ 12} The timing of Reising's protestation that she was not "actually trafficking" does not support Reising's argument on appeal for multiple reasons. First, Reising had already pled guilty when the statement was made. Her plea, in and of itself, was an admission of her guilt and that sufficient evidence existed to support each element of the crime. *Smith*, 2020-Ohio-3074 at ¶ 7; *Arledge*, 2019-Ohio-3147 at ¶ 15-16.

{¶ 13} Second, Reising confirmed to the trial court before it accepted her plea that she was entering the plea voluntarily and that she understood the charges. Reising's assertion that she was not "actually trafficking" came after her plea and during sentencing, and she immediately followed up this "denial" by stating "I understand I just pled guilty to it [aggravated trafficking]."

{¶ 14} Third, Reising never explained to the trial court (or this court) what she meant by the statement she was not "actually trafficking." She may have been denying she sold the methamphetamine she possessed, but this "denial" was not equivalent to an indication she did not understand the charge. *Fitzpatrick*, 2004-Ohio-3167 at ¶ 62. Under these circumstances, we conclude the statement served to mitigate the seriousness of her actions for sentencing purposes and does not indicate her plea was unknowing, involuntary, or unknowledgeable.

{¶ 15} Furthermore, whether Reising *sold* methamphetamine is immaterial after examining the underlying law and facts of this case. Reising's argument on appeal ignores the fact that a person can be found guilty of trafficking by either selling prohibited drugs *or* by preparing them for sale with knowledge that they would be sold. R.C. 2925.03(A)(1),(2). Trafficking methamphetamine raises the offense from trafficking to aggravated trafficking. *Id.* at (C)(1).

{¶ 16} Thus, Reising's possession of 63 grams of methamphetamine within 1000 feet of a school zone supported the State's original charge of a felony in the first degree.

*Id.* at (C)(1)(d). Not only did Reising possess a quantity of methamphetamine far exceeding an amount consistent with personal use, the plastic baggies and digital scale in Reising's control demonstrated her intent to measure and pack the methamphetamine for sale and distribution. Finally, Reising possessed $2,293, an amount consistent with the purchase or sale of larger quantities of methamphetamine as opposed to personal use. These facts and the negotiated terms of her plea supported Reising's conviction for aggravated trafficking as a felony in the second degree, regardless of whether she "actually" sold any methamphetamine.

{¶ 17} Reising and her counsel each acknowledged and confirmed that Reising understood the charges, the significance of her plea, and that the weight of the methamphetamine was "considered trafficking."[2] Her statement that she was not "actually trafficking" is best viewed as an attempt to mitigate her actions in order to receive a shorter sentence. Regardless of which definition of trafficking is applied, the underlying facts of this case supported her conviction. Reising's statements before sentencing and her argument on appeal attempt to create a distinction without any meaningful difference because Ohio law labels both the sale of methamphetamine and the preparation of it for sale the same – aggravated trafficking.

{¶ 18} This assignment of error is overruled.

{¶ 19} SECOND ASSIGNMENT OF ERROR. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH

---

2. We acknowledge that, technically, the court's statement that Reising's possession of 63 grams of methamphetamine was "considered trafficking" was incorrect because selling or preparing a controlled substance for sale in any amount is trafficking, and when that controlled substance is methamphetamine, it is aggravated trafficking, regardless of the amount involved. R.C. 2925.03(A)(1),(2),(C)(1). But the court's statement is, at the most, a harmless, inaccurate summarization of the law as the facts outlined above supported Reising's plea to a second-degree felony for aggravated trafficking.

AMENDMENTS.

**{¶ 20}** Next, Reising asserts that she received ineffective assistance of counsel at the trial level because her "denial" of trafficking during sentencing "demonstrate[d] that [her] trial counsel failed to review with and advise Ms. Reising of what she [was] pleading to." In addition, Reising argues her statements should have prompted her counsel to motion for the withdrawal of her plea.

**{¶ 21}** Because we have already determined the knowing, voluntary, and intelligent nature of her plea and that the underlying law and facts supported her conviction, this assignment of error is moot. *See State v. McMahon*, 2010-Ohio-2055, ¶ 33 (12th Dist.) ("A plea of guilty waives the right to claim that one was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary").

**Conclusion**

**{¶ 22}** Reising (and her counsel) affirmed her understanding of the charges brought against her and the voluntary nature of her plea. Reising's statements at sentencing can reasonably be viewed as her attempt to mitigate the seriousness of her actions to receive a shorter sentence. Further, the underlying facts and law support Reising's plea to aggravated trafficking. We conclude that Reising knowingly, voluntarily, and intelligently entered into her plea, and Reising's argument that she received ineffective assistance of counsel regarding her plea is therefore moot.

**{¶ 23}** Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robert A. Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Melena S. Siebert, Judge